Yawkey-Bissell Lumber Company and another, Respondents, vs. Railroad Commission of Wisconsin, Appellant.

*February 14—March 10, 1931.*

.For the appellant there was a brief by the *Attorney General* and *Samuel Bryan,* assistant attorney general, and oral argument by *Mr. Bryan.*

*Edward J. Dempsey* of Oshkosh and *W. A. Hayes* of Milwaukee, for the respondents.

ROSENBERRY, C. J. No question is raised as to the power of the defendant to make the order in question if it is not in conflict with the laws .of the United States or the orders of the Interstate Commerce Commission. The Safety Appliance Act as amended forbids the use by any common carrier of cars used in moving interstate traffic which are not equipped with couplers coupling automatically by impact and which can be uncoupled without the necessity of men

going between the ends of the cars. 27 U. S. Stats. at Large, p. 531. Sec. 6 of that act was amended April 1, 1896 (29 U. S. Stats. at Large, p. 85), by adding the following provision:

"Provided, that nothing in this act contained shall apply to trains composed of four-wheel cars or to trains composed of eight-wheel standard logging cars where the height of such car from top of rail to center of coupling does not exceed twenty-five inches, or to locomotives used in hauling such trains when such cars or locomotives are exclusively used for the transportation of logs."

The act was further amended (32 U. S. Stats. at Large, p. 943) by adding to sec. 1 "excepting those trains, cars, and locomotives exempted by the provisions of section 6 of said act of March second, 1893, as amended by the act of April first, 1896, or which are used upon street railways."

The question is whether or not Congress by the enactment of these statutes has so occupied the field as to exclude state legislation in the manner and to the extent prescribed by the order of the Railroad Commission. It is well established that the intent of Congress to limit the power of the state in the making of regulations under its police power must be clearly manifested. *Napier v. Atlantic Coast Line R. Co.* 272 U. S. 605, 47 Sup. Ct. 207. Whether Congress has clearly manifested its intention to occupy the field so as to exclude the exercise of police-power jurisdiction by the states must be answered by a judgment on the facts of the particular case. *Pennsylvania R. Co. v. Public Service Comm.* 250 U. S. 566, 40 Sup. Ct. 36. It must be borne in mind that what the order of the Railroad Commission complained of attempts to do is to compel the railroad company to desist from operating these logging cars over its lines. The question then turns on the meaning of the proviso. The general language of the act requires all cars to be equipped

with safety appliances and prohibits the operation of the cars not so equipped. Therefore it seems reasonably plain that the proviso has exactly the same meaning as a clause which read as follows:

"Provided, that trains composed of four-wheel cars or trains composed of eight-wheel standard logging cars, where the height of such cars from the top of the rail to center of coupling does not exceed twenty-five inches, may be operated without being so equipped."

The history of the proviso lends support to this view. It was originally intended to permit the operation of cars used in mining where it would have been impossible to equip them with standard equipment. It also appears to be impossible to equip cars with standard equipment which do not exceed twenty-five inches in height from the top of the rail to the center of the coupling. Such being the evident intent and purpose, it is apparent that Congress has occupied the field and that the order in question is in conflict with the regulations prescribed by Congress. In this respect the case is controlled by *Napier v. Atlantic Coast Line R. Co., supra; Southern R. Co. v. U. S.* 222 U. S. 20, 32 Sup. Ct. 2, 56 Lawy. Ed. 72; *State v. Beaumont & G. N. R. R.* (Tex. Civ. App.) 183 S. W. 120; *United States v. Gulf, C. & S. F. R. Co.* 4 Fed. (2d) 722.

*By the Court.*—Order affirmed. No costs to be taxed, except clerk's fees to be taxed against appellant.